IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MICHAEL JACOBSON,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV294 |
| | ) | |
| vs. | ) | ORDER TO SHOW CAUSE |
| | ) | |
| **SHERRY K. SHRESTA, M.D., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

      This matter is before the court pursuant to Fed. R. Civ. P. 12(h)(3) which states: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Often a case which cannot be brought in federal district court may nonetheless be filed in a state court. That is because the federal district courts are courts of "limited jurisdiction," while the state courts are courts of "general jurisdiction."

      The plaintiff, Michael Jacobson, brings this action as the Special Administrator of the Estate of Virginia A. Jacobson, who died on March 31, 2003, after a foreign object became lodged in her throat and pneumonia developed. The plaintiff has sued two insurance companies "organized and existing under the laws of Nebraska," and two physicians "duly licensed by the State of Nebraska to practice medicine in the State of Nebraska" (Filing No. 1). The decedent was a resident of Nebraska, as is the plaintiff.

      According to the complaint, the decedent died as a result of the physicians' "deliberate indifference to her constitutional Right to Life." *Id.* The plaintiff also asserts a claim of conspiracy by the defendants "to impede, hinder, obstruct or defeat the due course of justice in the State of Nebraska with the intent to deny the plaintiff his constitutional rights." *Id.*

      As for jurisdiction, the plaintiff purports to bring this action under 42 U.S.C. § 1983. At the same time, he seeks damages for the alleged deprivation of his Fifth and Fourteenth Amendment rights pursuant to ***Bivens v. Six Unknown Named Agents***, 403 U.S. 388, 395-97 (1971), in which the United States Supreme Court stated that damages may be obtained for unconstitutional conduct by individual federal officials.

**42 U.S.C. § 1983**

42 U.S.C. § 1983, and its jurisdictional counterpart, 28 U.S.C. § 1343(a)(3), provide a remedy for certain deprivations of a claimant's civil rights. To state a claim for relief in an action under 42 U.S.C. § 1983, the plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under "color of state law." In this case, it is not apparent on the face of the complaint how the defendants could be considered to be "state actors," i.e., persons acting "under color of state law." Purely private individuals and entities who commit torts, i.e., civil wrongs, against other private parties are generally not acting under color of state law when they commit those acts. 42 U.S.C. § 1983 has no application to private acts in which the state has no part.

**Bivens**

While a "***Bivens*** action" may be maintained against federal officials in their individual capacities for their constitutional torts, the plaintiff alleges only that the defendant physicians hold United States permits to prescribe medications, including narcotics, and to provide Medicare services. In addition, Dr. Cornu-Labat holds a J1 visa. None of those connections to the federal government renders the physicians federal officials or federal employees for purposes of ***Bivens v. Six Unknown Named Agents***, 403 U.S. 388 (1971). The plaintiff does not even allege a connection between the insurance companies and the federal government.

**28 U.S.C. § 1331**

For a federal court to have jurisdiction under the federal question jurisdictional statute, 28 U.S.C. § 1331, the plaintiff must assert a substantial federal claim. The complaint in this case does not state a basis for subject matter jurisdiction under 28 U.S.C. § 1331. The plaintiff may have a cause of action under state law, but the complaint does not state a claim arising under the Constitution, laws, or treaties of the United States, as required by 28 U.S.C. § 1331. The issues appear to relate to the plaintiff's dissatisfaction

with the defendants' conduct in relation to the plaintiff's efforts to recover compensation for the injuries to the decedent.

**Diversity of Citizenship**

Finally, as the plaintiff and all defendants are citizens of Nebraska, 28 U.S.C. § 1332 (diversity of citizenship) does not furnish a jurisdictional basis in federal court for the plaintiff's claims. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means "complete diversity," i.e., that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider National Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). Therefore,

**IT IS ORDERED:**

1. By August 30, 2006, the plaintiff shall file a Response to Order to Show Cause explaining any reason he may have why this case should not be dismissed without prejudice for lack of subject matter jurisdiction in federal court.

2. In the absence of a timely and sufficient Response to this Order to Show Cause, the plaintiff's complaint and this action may be subject, without further notice, to dismissal without prejudice for lack of subject matter jurisdiction.

DATED this 7th day of August, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge