IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL JACOBSON, Special Administrator of the Estate of VIRGINIA A. JACOBSON, Deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | 8:06CV294 |
| v. | ) ) | |
| GASTON CORNU-LABAT, M.D., MIDWEST MEDICAL INSURANCE CO., MIDWEST MEDICAL INSURANCE HOLDING COMPANY, and SHERRY K. SHRESTA, M.D., | ) ) ) ) ) ) | MEMORANDUM OPINION |
| Defendants. | ) ) | |

This matter is before the Court on the motions to dismiss filed by defendants Sherry K. Shresta, M.D., and Gaston Cornu-Labat. M.D. (Filing No. 32), and Midwest Medical Insurance Co. and Midwest Medical Insurance Holding Company(Filing No. 35). In response plaintiff has filed a motion seeking an extension of 120 days to file a brief in opposition to defendants' motions to dismiss (Filing No. 38).

Defendants' motions to dismiss assert that the complaint is a nullity because it has been filed by Michael Jacobson, a non-attorney personal representative of the estate. Nebraska law states that:

> Except as provided in section 7-101.01 [relating to certified law students], no person shall practice as an attorney or counselor at law, or commence, conduct or defend any action or proceeding to which he is not a party, either by using or subscribing his own name, or the name of any other person, or by

> drawing pleadings or other papers to be signed and filed by a party, in any court of record of this state, unless he has been previously admitted to the bar by order of the Supreme Court of this state.  No such paper shall be received or filed in any action or proceeding unless the same bears the endorsement of some admitted attorney, or is drawn, signed, and presented by a party to the action or proceeding.  It is hereby made the duty of the judges of such courts to enforce this prohibition.

Neb. Rev. Stat. § 7-101.

This is a wrongful death action.  Wrongful death actions may only be maintained by a personal representative.  While a non-lawyer may represent himself, he:

> may not act as the legal representative for anyone else. This rule includes a nonattorney personal representative acting for an estate.  Obviously, the personal representative who brings a wrongful death suit is bringing it for the benefit of the other heirs, and those persons are entitled to have their legal interests represented by one who is trained and licensed to do so.  This is not to say that personal representatives must be attorneys, but, rather, that one who seeks to represent the legal interests of the personal representative must be an attorney.  This rule protects the estate, its heirs, and its creditors.

*Waite v. Carpenter*, 1 Neb. App. 321, 328 (1992).

Here, as in *Waite*, Jacobson, a non-attorney personal representative, seeks to represent the legal interests of the estate.  Under Nebraska law, Jacobson cannot do so, and

plaintiff's amended complaint fails to state a cause of action for which relief can be granted under Fed. R. Civ. P. 12(b)(6) because lawsuits by persons not entitled to practice law are a nullity.

Federal law also bars this action.  Title 28, U.S.C. § 1654 protects a party's right to "plead and conduct their own cases personally or by counsel," but subjects the pleading and conduct to the rules of federal courts.  *See Carr Enters., Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983).  "A federal court has 'inherent power to oversee attorneys' who appear before it."  *Jones v. Corr. Med. Servs.*, 401 F.3d 950, 951 (8th Cir. 2005)(*quoting McKenna v. Champion Int'l Corp.*, 747 F.2d 1211, 1215 (8th Cir. 1984).  In terms of 28 U.S.C. § 1654, a non-attorney estate administrator is not pleading and conducting his or her "own case" when there are other creditors or beneficiaries of the estate.  *Jones*, 401 F.3d at 951-52.  Thus, under federal law as well as state law, this action must be dismissed because Jacobson, a non-attorney, cannot represent the estate.  Therefore, the Court will grant defendants' motions to dismiss (Filing Nos. 32 and 35).  A separate order will be entered in accordance with this memorandum opinion.

DATED this 9th day of April, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
    LYLE E. STROM, Senior Judge
    United States District Court