IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL JACOBSON, Special Administrator of the Estate of VIRGINIA A. JACOBSON, Deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | 8:06CV294 |
| v. | ) ) | |
| GASTON CORNU-LABAT, M.D., MIDWEST MEDICAL INSURANCE CO., MIDWEST MEDICAL INSURANCE HOLDING COMPANY, and SHERRY K. SHRESTA, M.D., | ) ) ) ) ) ) | ORDER |
| Defendants. | ) ) | |

This matter is before the Court on plaintiff's motion for new trial (Filing No. 43), supported by a brief (Filing No. 44) and an index of evidence (Filing No. 45). The defendants have responded (Filing Nos. 46 and 47), and plaintiff has filed an additional response to defendants' objections to motion for new trial with supporting evidence (Filing Nos. 50 and 51).

Initially, the Court notes there has been no trial in this matter and accordingly, the document entitled motion for new trial will be treated as a motion for reconsideration of this Court's memorandum opinion and order and judgment of April 9, 2007, dismissing plaintiff's claim as a nullity. In his affidavit, plaintiff claims that there are no other beneficiaries or creditors. However, the first amended complaint recites in Paragraph 2 "plaintiff is the surviving oldest son of Virginia A. Jacobson, deceased," and the duly appointed personal representative. In his affidavit, he recites that his siblings

do not support him in the filing of this action, stating specifically in Paragraph 11 of his affidavit "all the other benefactors in this case, for various reasons, including fear of medical treatment for their young children at Gordon Memorial Hospital since the nearest hospital is fifty miles away in Chadron, Nebraska, did not want to be part of the estate and estate litigation, and affiant was severely chastised by his siblings, leaving no doubt about their position."  In addition, he recites that his father has assigned to him any interest that his father may have in the estate.  This is supported by his father's affidavit (Filing No. 51), but no copy of the purported assignment has been furnished to the Court.  There are no other documents supporting such an assignment, nor any documents submitted with the index of evidence supporting the claim that the siblings have waived any right or claim to share in the estate of their mother.  Thus, it is still clear from the documentation presented to the Court that the defendant is not merely representing himself.  There are other beneficiaries who are potential recipients of the benefits of any successful litigation against the doctors or the insurance companies. Accordingly, the plaintiff is not qualified under Nebraska law or federal law to prosecute this action as attorney for himself as the personal representative of the estate of his mother.

This action further proceeds on the theory that the four defendants are in some way state actors, acting under color of state law.  The allegations contained in the first amended

complaint do not support that claim.  The doctors are employees of the hospital; the insurance companies have no legal connection with the hospital other than that they provide Medicare and Medicaid insurance coverage.  These allegations do not rise to these defendants acting under color of state law, and accordingly, no action against them under Title 42, United States Code, § 1983 is available.  For all of these reasons,

IT IS ORDERED:

1) Defendants' objections are sustained;

2) Plaintiff's motion, treated as a motion for reconsideration, is denied.

DATED this 15th day of June, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court